**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1182**

---

ROGER NGASSA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A96-282-705)

---

Submitted:  August 16, 2006          Decided:  September 7, 2006

---

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner.  Peter D.
Keisler, Assistant Attorney General, James A. Hunolt, Senior
Litigation Counsel, Song E. Park, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Roger Ngassa, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals ("Board") order affirming without opinion the immigration judge's order denying Ngassa's applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). Ngassa claims he met his burden of proof. He also claims any discrepancies noted by the immigration judge were minor. In addition, he claims persons similarly situated to him are being persecuted. We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2006); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v.

<u>Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004). A determination regarding eligibility for asylum is conclusive if supported by substantial evidence on the record considered as a whole. <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). We will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." <u>Rusu v. INS</u>, 296 F.3d 316, 325 n.14 (4th Cir. 2002). We find the immigration judge's negative credibility finding was supported by substantial evidence. We further find the evidence was not so compelling as to warrant reversal.

"To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." <u>Rusu v. INS</u>, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing <u>INS v. Stevic</u>, 467 U.S. 407, 430 (1984)). To qualify for protection under the Convention Against Torture, a petitioner bears the burden of demonstrating that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). Having conducted our review, we conclude that substantial evidence supports the finding that Ngassa failed to meet these standards.

- 3 -

We accordingly deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED
